IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS W. REED, | |
| Plaintiff, | |
| vs. | **4:25CV3047** |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; | |
| Defendant and Third-Party Plaintiff, | **SECOND AMENDED FINAL PROGRESSION ORDER** |
| vs. | |
| NSH USA CORPORATION, a New York corporation, | |
| Third-Party Defendant. | |

This matter is before the court on the Third-Party Defendant's Joint Motion to Extend Progression Deadlines. (Filing No. 53). For good cause shown, that motion is granted. Accordingly,

IT IS ORDERED that the final progression order is amended as follows:

1)      The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings scheduled on **March 24, 2026 is continued** and will be now be held with the undersigned magistrate judge on **August 20, 2026** at **10:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 10).

2)      The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is July 31, 2026. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by August 14, 2026.

> **Note:** A discovery motion (including a motion to compel, to quash, or for a disputed protective order, or any motion regarding the scope and production of ESI) cannot be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith (NECivR 7.1(j)); and then b) contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

3) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

> For the defendant/third-party
>
> Plaintiff:                              May 15, 2026.
>
> For the third-party defendant:          June 15, 2026
>
> Plaintiff(s)' rebuttal:                 July 6, 2026.

4) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is July 31, 2026.

5) The deadline for filing motions to dismiss and motions for summary judgment is August 28, 2026.

6) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is August 28, 2026.

7) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

8) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9) All requests for changes of deadlines or settings established herein shall be

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 19th day of March, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge